```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**BERTRAM A. YOUNG**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 07-3542**

**WARDEN JEFFREY TRAVIS**                               **SECTION "B"**


## OPINION

State court prisoner Bertram A. Young[1], bases his habeas petition under section 2254 and objection to the report and recommendation of the Magistrate Judge on the following fifteen claims:[2]

(1) the state violated the rules of discovery when it withheld evidence of a co-defendant's confession, a surveillance tape, and the supplemental report, which were not provided in pre-trial discovery;
(2) the state engaged in prosecutorial misconduct when attempting to use the co-defendant to obtain information from Young while in custody;
(3) the State violated the sequestration order where the State, a DEA Agent Sewell, and a Confidential Informant Raymond Smith had lunch together just prior to the informants testimony;
(4) the State manipulated and orchestrated the testimony of Confidential Informant Smith
(5) the alibi evidence presented at trial contradicted the State's theory of the case and the verdict
(6) the Trial Court violated Young's rights when the court failed to declare a mistrial after being advised the State's witnesses, Detective John

---

[1] Young's initial sentence for conviction on two counts of distribution of cocaine was 15 years to be served consecutively on each count. He was later resentenced as a multiple offender to 30 years imprisonment with the first five years to be without the benefit of parole. St. Rec. Vol. 1 of 12, Multiple Bill, 12/7/01.

[2] Rec. Doc. 18 P. 8.

|       | Scanalon, met with a juror during a lunch break |
| ----- | ----------------------------------------------- |
| (7)   | the identification process was suggestive |
| (8)   | the pretrial publicity changed the outcome of the trial when the Trial Court continued the trial on November 15, 2001, which was one day after the Time Picayune published an article; |
| (9)   | the Trial Court erred in overruling Young's challenges for cause. |
| (10)  | insufficient evidence to support the verdict; |
| (11)  | the Trial Court erred in denying the motions for a new trial and for post-verdict judgment of acquittal based on insufficient evidence; |
| (12)  | the Trial Court erred in overruling Young's *Batson* challenge; |
| (13)  | the Trial Court erred in admitting unauthenticated hearsay evidence, the tapes and audiotapes at trial; |
| (14)  | the trial court erred in imposing an excessive sentence based on insufficient evidence at the multiple bill hearing; |
| (15)  | the Trial Court violated Young's right to a jury trial by conducting the trial before a jury different from the jury originally selected on August 27 and 28, 2001. |

The Magistrate Judge determined that the petition for habeas relief was timely filed; the claim raising excessive sentence was in procedural default; and that the petitioner had not complied with the exhaustion requirement for 6 of his 15 claims. The Magistrate Judge recommended that Young's petition, presenting both exhausted and unexhausted claims, be dismissed without prejudice for failure to exhaust state court remedies unless Young chose to dismiss his unexhausted claims and allow consideration on the merits of Young's exhausted claims. The State has not filed a response to the Report and Recommendation of the Magistrate Judge, but Petitioner requested that the Court grant leave to amend his

2

petition to include only exhausted claims.

Petitioner essentially agrees with the Magistrate Judges' Report and Recommendation that his unexhausted claims should be dismissed.[3] Accordingly, **IT IS ORDERED** that: (1) The Magistrate Judge's Report and Recommendation is adopted as the opinion of the court; (2) Habeas petitioner Young's unexhausted claims, namely claims numbered <u>infra</u> "3, 4, 5, 6, 7, and 8", are dismissed without prejudice; (3) Young's exhausted claims, namely those numbered <u>infra</u> "1, 2, 9, 10, 11, 12, 13 and 15", are remanded for further proceedings before the Magistrate Judge.

New Orleans, Louisiana, this 25th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Rec. Doc. No. 19 P. 3.